UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00145-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CHRIS YUNG LE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro Motion for Early Termination of home detention. In sentencing defendant, the court imposed 5-years' probation with a condition of that probation being 14 months home detention. Judgment (#22). Defendant states that the basis for such request is that he was informed by probation "that the majority of people served 75% of the sentence …." Motion (#24) at 1. While it is accurate that defendants incarcerated in a prison typically earn good time credits resulting in them serving a percentage of their sentence of incarceration, the court knows of no similar allowance for those serving home detention as a part of a probationary sentence.

Instead, defendant may well be conflating the provisions of 18 U.S.C. § 3564(c), which allows the court to terminate probation after one year based on a number of factors. Under Section 3564(c), the court may terminate probation in a felony case after one year if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As one court has opined:

> In order to justify early termination, the conduct of the defendant must include more than simply following the rules of supervision. Otherwise, every defendant who avoids revocation would be eligible for early termination. Instead, termination is

1

>generally granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede his rehabilitation or where the defendant's behavior has been exceptionally good.

United States v. Busch, 2007 WL 2572335, at *1 (E.D. Wis. Sept. 6, 2007) (citations and footnote omitted). Indeed, as in Busch, simply paying fines, fees, and restitution -- while commendable -- is not sufficient to warrant early termination of probation. Id. At this point, defendant has not shown that any modification of probation or the terms of probation is warranted. Defendant is encouraged to work with his probation officer, who may well seek modification of the terms of probation as he or she deems appropriate in light of defendant's progress.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Early Termination of home detention is **DENIED**.

Signed: February 10, 2017

Max O. Cogburn Jr
United States District Judge